UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERALD MICKENS, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:18-CV-754-RLM-MGG |

OPINION AND ORDER

Gerald Mickens, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary hearing (ISP 18-05-368) in which a disciplinary hearing officer found him guilty of Intoxicants in violation of Indiana Department of Correction policy B-231. Mr. Mickens lost 30 days earned credit time. The Warden filed a return to the petition. Mr. Mickens didn't file a traverse and the time for doing so has long since passed. The petition raises two grounds.

In Ground One, Mr. Mickens argues he was denied due process because the hearing officer didn't let him to review video evidence nor explain why. The Warden argues that this ground is procedurally defaulted. Before bringing a habeas corpus challenge, a prisoner must exhaust his claim as required by 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may

> appeal first to the warden and then to a statewide body called the Final Reviewing Authority.

Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). "The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level." *Id.* at 982. Mr. Mickens didn't mention video issues in his disciplinary hearing appeal, so Ground One is procedurally defaulted.

In Ground Two, Mr. Mickens argues the hearing officer improperly relied on the ALCO-BLOW test results because the form was incomplete and unwitnessed, the employee who performed the test was not trained or certified, and the device hadn't been calibrated. This argument simply asks this court to re-weigh the evidence the hearing officer considered. "It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

Webb v. Anderson, 224 F.3d at 652 (quotation marks, citations, parenthesis, and ellipsis omitted). It wasn't arbitrary for the hearing officer to have relied on the ALCO-BLOW test results to find Mr. Mickens guilty. Mr. Mickens also argues he wasn't allowed to question the author of the test results report. Mr. Mickens had

"no right to confront or cross-examine adverse witnesses in his disciplinary proceeding." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Ground Two isn't a basis for habeas corpus relief.

Mr. Mickens doesn't need a certificate of appealability to appeal this order, because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DENIES Gerald Mickens, Jr., leave to appeal in forma pauperis; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 11, 2020

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT